IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MNS WIND COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | CASE NO. 04-1569C<br>(Judge Horn) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies or alleges as follows:

1. Admits the allegations contained in the first and second sentences of paragraph 1. Denies the allegations contained in the third sentence of paragraph 1, but alleges that the mission of the United States Department of Energy's ("DOE") Nevada Test Site ("NTS") after the 1992 moratorium on testing including testing readiness, "subcrits" testing (testing of nuclear weapons which do not reach criticality – i.e., no uncontrolled, sustained nuclear reaction), and the continuation of national defense related activities. Admits the allegations contained in the fourth and fifth sentences of paragraph 1 to the extent supported by the decision cited, which is the best evidence of its contents.

2. Denies the allegations contained in the first sentence of paragraph 2, but alleges that one of the Federal Government's interests is to increase electrical power generation in areas of the country commonly referred to as the "West". Admits the allegations contained in the second sentence of paragraph 2 to the extent supported by the legislation cited, which is the best

evidence of its contents.

3. Denies.

4. Denies, but alleges that the Nevada Test Site Development Corporation ("NTSDC") is a designated community-reuse organization, in accordance with Section 3161 of the National Defense Authorization Act of 1993 (Public Law 102-484), funded, in part, by the United States Department of Energy ("DOE).

5. Admits the allegations contained in the first sentence of paragraph 5, except denies the allegation that the proposed project would "support the growing need and Nevada mandate of alternative sources of renewable energy," for lack of information sufficient to formulate a response. Denies the allegations contained in the second sentence of paragraph 5, but admits that the project would further DOE's objective of restoring jobs lost after the moratorium on critical nuclear testing went into effect.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the agreements cited, which are the best evidence of their contents. Denies the allegations contained in the second sentence of paragraph 6 that "DOE touted" the proposed project as vague, but admits that DOE did issue a press release announcing the agreement.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of information sufficient to formulate a response. The allegations in second sentence of paragraph 7 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

8. Denies the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8 for lack of information sufficient to formulate a response.

9. The allegations contained in paragraph 9 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

10. Denies for lack of information sufficient to formulate a response.

11. Admits.

12. Denies the allegations contained in the first sentence of paragraph 12. The allegations contained in the second sentence of paragraph 12 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

13. Denies the allegations contained in the first sentence of paragraph 13. Admits the allegations in the second sentence of paragraph 13, that DOE provided wind data from the NTS, but otherwise denies the allegations in the second sentence of paragraph 13 for lack of information sufficient to formulate a response.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the easement ("Easement") cited, which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 14 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first and second sentences of paragraph 15 to extent supported by the subeasement ("Subeasement") and compensation agreement cited, which are the best evidence of their contents. Admits the allegations contained in the third sentence of paragraph 15 that DOE executed a written consent approving the terms of the Subeasement, but denies the allegation that DOE executed a written consent approving the terms of the

compensation agreement.

16. Denies the allegations contained in the first and second sentences of paragraph 16 as vague, as plaintiff have failed to identify specifically which person or persons on behalf of DOE "expressed concerns," when those expressions or statements were made, and the precise content of those alleged concerns or statements; but defendant admits that various negotiation discussions were held between various representatives of DOE, NTSDC, and plaintiff prior to the execution of the Easement. Denies the allegations contained in the third sentence of paragraph 16 for lack of information sufficient to formulate a response.

17. Admits to the extent supported by agreement referred to, which is the best evidence of its contents.

18. Admits to the extent supported by agreement referred to, which is the best evidence of its contents.

19. Admits to the extent supported by agreement referred to, which is the best evidence of its contents.

20. Denies. In addition, defendant alleges that plaintiff previously filed suit in 2003 in the United States District Court for the District of Nevada, MNS Wind Company, LLC v. United States Dept. of Energy, Case No. CV-S-03-0952, KJD-LRL (D.C. Nev), seeking, among other things, an order compelling defendant to engage in mandatory arbitration. On September 23, 2004, the United States District Court for the District of Nevada entered an order in that case granting defendant's motion to dismiss on the ground that the government was not required to engage in mandatory arbitration with the plaintiff.

21. Admits to the extent supported by the agreements cited, which are the best evidence

of their contents.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the Easement cited, which is the best evidence of its contents. Denies the allegations contained in the second sentence of paragraph 22 that the copy of the Easement attached to the complaint is "a true and correct copy" of that document because it appears that one or more its pages are missing. Accordingly, defendant reserves the right to provide or introduce a true and correct copy of the document.

23. Admits to the extent supported by the Easement cited, which is the best evidence of its contents.

24. Admits to the extent supported by the Subeasement cited, which is the best evidence of its contents.

25. Admits to the allegations contained in paragraph 25 to the extent supported by the compensation agreement cited, which is the best evidence of its contents. Denies the allegation that compensation agreement attached to the complaint is "a true and accurate copy" of that document because, on its face, it appears that at least one of its pages is missing.

26. Denies, but alleges that DOE representatives, on or about January 17, 2001, executed a document titled “Consent of Master Permittor,” which is best evidence of its contents. A true and accurate copy of that document is attached as Exhibit D to plaintiff's complaint.

27. The allegations contained in paragraph 27 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the agreements cited, which are the best evidence of their contents.

28. Admits to the extent supported by the Easement cited, which is the best evidence of its contents.

29. The allegations contained the first sentence of paragraph 29 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the Easement cited, which is the best evidence of its contents. Defendant specifically denies the second sentence of paragraph 29.

30. Admits to the extent supported by the Subeasement cited, which is the best evidence of its contents.

31. The allegations contained in paragraph 31 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the Easement cited, which is the best evidence of its contents.

32. Admits the allegations in the first sentence of paragraph 32 to extent supported by the Easement cited, which is the best evidence of its contents. Denies the second sentence of paragraph 32 for lack of information sufficient to formulate a response.

33. Admits the first and second sentence of paragraph 33 to the extent supported by the Easement cited, which is the best evidence of its contents. Denies the third sentence of paragraph 33 for lack of information sufficient to formulate a response.

34. Denies for lack of information sufficient to formulate a response, but alleges that defendant was aware that plaintiff took certain steps to develop the project, including wind assessment and initiating the steps necessary to comply with the requirements of the National

Environmental Policy Act, 42 U.S.C. §4321 *et seq*. ("NEPA").

35. Denies the allegations contained in the first sentence of paragraph 35. Denies the allegations contained in the second sentence of paragraph 35 for lack of information sufficient to formulate a response. Denies the allegations contained in the third sentence of paragraph 35.

36. Admits the allegation contained in the first sentence of paragraph 36 that plaintiff requested permission from DOE in 2001 to develop additional sites within the National Test Site; otherwise the allegations in the first sentence of paragraph 36 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the Easement cited, which is the best evidence of its contents. Denies the allegations contained in the second sentence of paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the Easement cited, which is the best evidence of its contents. The second and third sentences of paragraph 37 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the statutes and regulations referred to, which are the best evidence of their contents. Admits the fourth sentence of paragraph 37 to the extent supported by the Subeasment cited, which is the best evidence of its contents.

38. Admits the allegation contained in the first sentence of paragraph 38 that plaintiff undertook a NEPA study, but denies the introductory phrase "[w]ith this understanding," for lack of information sufficient to formulate a response. Denies the allegations contained in the second sentence of paragraph 38, but alleges that, at least, one draft Environmental Impact Statement

("EIS") had been prepared by a contractor and that such draft was being reviewed by DOE and it had not been published for public comment. Admits the third sentence of paragraph 38 to the extent supported by the draft EIS, which is the best evidence of its contents. Denies the fourth sentence of paragraph 38 for lack of information sufficient to formulate a response.

39. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

40. Admits to the extent supported by the letter cited in paragraph 39, which is the best evidence of its contents.

41. The allegations contained in paragraph 41 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

42. Admits the allegations contained in the first sentence of paragraph 42 to the extent supported by the Easement cited, which is the best evidence of its contents. The allegations contained in the second, third, and fourth sentences of paragraph 42 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**COUNT I (BREACH OF CONTRACT)**

44. Defendant's responses, above, to the allegations contained in the cited paragraphs are incorporated by reference.

45. Denies.

46. Denies.

47. Denies the allegations that contained in paragraph 47 that "MNS has made several demands" as vague, but admits that plaintiff has made certain demands of defendant, all of which were and are without merit.

48. The allegations contained in paragraph 48 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

49. Denies.

**<u>COUNT II (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING</u>**

50. Defendant's responses, above, to the allegations contained in the cited paragraphs are incorporated by reference.

51. The allegations contained in paragraph 51 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the agreements cited, which are the best evidence of their contents.

52. Admits the allegation contained in the first sentence of paragraph 52, that DOE assigned a full-time employee to the NTS project, one Kevin Thorton; otherwise denies the allegations contained in the first sentence of paragraph 52. Denies the second sentence of paragraph 52, but alleges that Mr. Thornton was responsible for monitoring and facilitating all MNS-related activity on the NTS. Denies the third sentence of paragraph 52, but alleges that Kevin Thornton functioned in an administrative/facilitative capacity at the meetings (<u>i.e.</u>,

overseeing agenda, minutes, etc.). Admits the fourth sentences of paragraph 52**.**

53. Admits.

54. Admits to the extent supported by the Easement cited, which is the best evidence of its contents.

55. Denies the allegations contained in the first sentence of paragraph 55 that "MNS proceeded with development of the NTS" as vague; alleges that defendant was aware that plaintiff took certain steps to develop the project, including wind assessment and initiating the steps necessary to comply with the requirements of NEPA. Admits the allegations contained in the second sentence of paragraph 55 to the extent supported by the draft EIS cited, which is the best evidence of its contents.

56. Denies the allegations contained in the first and second sentences of paragraph 56 for lack of information sufficient to formulate a response. Admits the third sentence of paragraph 56 to the extent supported by the power purchase agreement cited, which is the best evidence of its contents. Denies the allegations contained in the fourth through seventh sentences of paragraph 56 for lack of information sufficient to formulate a response.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 57 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

58. Denies the allegations contained in the first sentence of paragraph 58, but alleges that during the NEPA process the Air Force, which controls landspace adjoining DOE's National Test

Site raised concerns regarding potential adverse impacts the wind power project may have had on Air Force operations. Denies the allegations contained in the second sentence of paragraph 58.

59. Denies.

60. Denies the allegations contained in the first sentence of paragraph 60. The allegations contained in the second sentence of paragraph 60 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

61. Denies the allegations contained in first sentence of paragraph 61, but alleges that MNS did supply several studies from other wind farm locations in an attempt to establish that the wind farm project proposed for the NTS would not adversely affect Air Force operations. Denies the second sentence of paragraph 61 for lack of information sufficient to formulate a response. Denies the allegations contained in the third sentence of paragraph 61.

62. Admits the allegations contained in the first and second sentences of paragraph 62 to the extent supported by the communications cited, which are the best evidence of their contents. Admits the allegations contained in the third sentence of paragraph 62 to the extent supported by the termination cited, which is the best evidence of its contents.

63. Denies.

64. Denies.

65. Denies.

66. Denies.

67. Denies.

**COUNT III (ESTOPPEL)**

68. Defendant's responses, above, to the allegations contained in the cited paragraphs are incorporated by reference.

69. Denies as vague as plaintiff has failed to identify specifically which person or persons on behalf of MNS "consistently informed" DOE of certain matters as alleged in paragraph 69; but defendant admits that various negotiation discussions were held between various representatives of DOE, NTSDC, and plaintiff prior to the execution of the Easement.

70. The allegations contained in the paragraph 70 are legal conclusions and plaintiff's characterizations of its case, to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the Easement cited which is the best evidence of its contents.

71. Denies the first sentence of paragraph 71, but alleges that the reason DOE terminated the NEPA process is stated in the July 12, 2002 letter from DOE to NTSDC, which is the best evidence of its contents (see paragraphs 39-40, above). Denies the second sentence of paragraph 71.

72. Denies.

73. Denies the allegations contained in paragraph 73 for lack of information sufficient to formulate a response.

74. Denies.

75. Denies.

76. Denies the allegations contained in the first sentence of paragraph 76. Denies the allegations contained in the second sentence of paragraph 76, but alleges that defendant was

aware that plaintiff took certain steps to develop the project, including wind assessment and initiating the steps necessary to comply with the requirements of the NEPA.

77. The allegations contained in paragraph 77 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

78. Denies.

79. Denies that plaintiff is entitled to the relief requested in the four "WHEREFORE" subparagraphs immediately following paragraph 78, or to any relief whatsoever.

80. Defendant denies each and every allegation contained in the Complaint that has not been specifically admitted above (specifically including headings and subheadings).

WHEREFORE, defendant respectfully requests the Court enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
PAUL MICHAEL
Office of Counsel
Department of Energy
Washington, D.C.

SHARON HEJAZI
Office of Chief Counsel
NNSA/ Nevada Site Office
Department of Energy
Las Vegas, NV

February 7, 2005

CERTIFICATE OF FILING

I hereby certify that on February 7, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE