IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MNS WIND COMPANY, LLC, a Delaware limited liability company, | ) | |
| Plaintiff, | ) | CASE NO. 04-1569C (Judge Horn) |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY

Defendant submits the following response to plaintiff's Motion to Disqualify, filed on February 2, 2005.

As a preliminary matter, we dispute the central premise of plaintiff's motion – namely, that Ms. Carlson, (the Manager of the Nevada Site Office of the National Nuclear Security Administration) is a "critical" or "important" witness in this case. See Pltf. Mot. at 1, 4. That is because the central issue in this case appears to be purely legal in nature; thus, it is probable that no witnesses need ever testify. As alleged in the complaint, the Department of Energy ("DOE") did enter into a Grant of Easement authorizing plaintiffs to use a portion DOE-controlled land to develop a wind-powered electric generating facility. By its express terms, that Grant of Easement was conditioned upon successful completion of the requirements of the National Environmental Policy Act, ("NEPA"), 42 U.S.C. § 4321, et seq. During the NEPA review, information was provided by the Air Force (responsible for adjoining land space) which indicated that the planned wind-powered electric generating facility was incompatible with current uses of the area. DOE then terminated the NEPA process and no final agency decision

approving the planned action was issued. Accordingly, in defendant's view, the Grant of Easement, by its very terms, never went into effect. In contrast, plaintiffs argue that, while the Government was always free to terminate the Grant of Easement for reasons related to national security, the Government was bound by the terms of the easement to compensate plaintiffs. Pltf. Mot. at 1-2 (defendant improperly terminated easement "without paying MNS compensation required under the provision of the agreement that . . . .") (emphasis added); see Compl. §§ 37-43.

This dispute appears to be purely legal in nature and should ordinarily be resolved by interpretation of the Grant of Easement itself. See McAbee Constr., Inc. v. United States, 97 F.3d 1431, 1434-35 (Fed. Cir. 1996) (parole evidence only relevant if document is ambiguous). Thus, in leaping to the conclusion that the Court "will need to assess and weigh the credibility of Ms. Carlson's testimony (as well as the testimony of others) regarding these issues," Pltf. Mot. at 5, plaintiff puts the proverbial cart before the horse.[1]

Turning to the merits of plaintiff's motion, the defendant takes no position on whether the judge should recuse herself from this matter.

As Chief Justice Rehnquist noted in Laird v. Tatum, 409 U.S. 824, 837 (1972), "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." (citations omitted) (emphasis added). A trial judge is required to recuse himself or herself under 28 U. S. C. § 455(a) "only when a reasonable person knowledgeable

[1] Additionally, to clarify the record, contrary to plaintiff's assertions, see Pltf. Mot. at 2 and Delgado Decl. at ¶ 5, Ms. Carlson did not sign the Grant of Easement. The Easement was signed by Mr. Bud B. Bornhoft, the then-Chief Counsel of the Nevada Site Office, acting "for" Ms. Carlson. See Compl. Ex. A at p.2.

about all the facts would conclude that the judge's partiality might reasonably questioned." Baldwin Hardware Corp. v. Fanksu Enterprise Corp., 78 F.3d 550, 557 (Fed. Cir. 1996) (emphasis added); see Cherokee Nation of Oklahoma v. United States, 26 Cl. Ct. 215, 218 (1992) (recusal test is whether an objective, disinterested lay observer fully informed of the facts underlying the grounds upon which recusal is sought would entertain a significant doubt about the judge's impartiality). Additionally, it has been held that mere acquaintanceship or friendship, alone, is not a sufficient basis to require a recusal. As Justice Scalia recently stated,

> But while friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue, it has traditionally *not* been a ground for recusal where *official action* is at issue, no matter how important the official action was to the ambitions or the reputation of the Government officer.

Cheney v. United States District Court for the District of Columbia, 124 S.Ct. 1391, 1394 (2004) (emphasis original); see also Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1567-69 (Fed. Cir. 1989) (recusal not required under section 455(a) where son of judge was employed by one of the litigants). Because we are not fully knowledgeable about all the facts and circumstances concerning an apparent acquaintanceship or friendship between the judge and a Government official who acting in her official capacity could conceivably be a witness, we take no position whether the judge should recuse herself in this instance.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

OF COUNSEL:
PAUL MICHAEL
Office of Counsel
Department of Energy
Washington, D.C.

SHARON HEJAZI
Office of Chief Counsel
NNSA/ Nevada Site Office
Department of Energy
Las Vegas, NV

February 22, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 22, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE