IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MNS WIND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1569<br>(Judge Wolski) |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(b) and (h)(1) of the Court's Rules, defendant, the United States, respectfully submits that the following facts supporting its motion for summary judgment are uncontroverted.

1. This case arises from a proposal by a private entity to install electricity generating wind turbines on the Nevada Test Site ("NTS"), which was formerly used for nuclear weapons testing. Compl. ¶¶ 1, 3-4. The NTS is federally owned property managed by the National Nuclear Security Administration ("NNSA"), an agency of the United States Department of Energy ("DOE"). The NTS is located approximately 60 miles northwest of Las Vegas, Nevada, and is surrounded on three sides by the United States Air Force National Testing and Training Range. App. 11; see App. 12.

2. DOE has partnered with a private corporation, the Nevada Test Site Development Corporation ("NTSDC"), for the purpose of encouraging economic development on the NTS. App 2. In March, 2000, NTSDC approached M&N Wind Power with a development proposal. Compl. ¶ 3. M&N Wind Power in turn formed a company, MNS Wind Company, LLC, to undertake the project. Compl. ¶ 6. After negotiations, DOE and NTSDC signed an agreement in December, 2000, giving NTSDC a conditional easement to allow MNS Wind to construct wind

turbines on the NTS. App 13. NTSDC then signed a subeasement, subject to the terms and conditions of the primary easement, with MNS Wind. Compl. ¶ 24; App. 44.

3. The primary easement between DOE and NTSDC was made conditional upon DOE's review of the project under the National Environmental Policy Act ("NEPA"). App. 13, 37. The NEPA process for the turbine project began with a draft Environmental Assessment ("EA"). App. 58. In response to this draft EA, DOE received comments from various interested parties and other agencies, including the Air Force. App. 59-60. These comments prompted DOE to undertake a more rigorous review process under NEPA, called an Environmental Impact Statement ("EIS"). App. 61-62. Over the course of the EA and EIS processes, the Air Force sought more precise information from MNS Wind about the technical specifications and the precise geographical locations for each of its proposed wind turbines. App. 63-73.

4. Once it had the information it required, the Air Force conducted a study and determined, by June, 2002, that wind turbines on the NTS would conflict with Air Force testing and training activities in and around the proposed site. App. 74-75. After the Air Force's concerns were finalized, DOE manager Kathleen Carlson recommended to the Administrator of NNSA, General John Gordon, that the "no action" alternative identified in the preliminary draft EIS be approved. App. 76-77. General Gordon accepted Ms. Carlson's recommendation, and adopted the alternative, cancelling the project under NEPA, and precluding the easement and subeasement from coming into effect. App 76-77.

5. Throughout the NEPA review process, MNS Wind was informed about the Air Force's concerns, was working to address and satisfy those concerns, and knew not later than April, 2002, that the entire project was "on hold" pending review of the Air Force concerns. App. 69-71, 73, 80-85.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

OF COUNSEL:
Sharon Hejazi
Paul Michael
Office of Counsel
Department of Energy

October 4, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 4, 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE