IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MNS WIND COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 04-1569C<br><br>(Judge Wolski)<br><br>**MNS WIND COMPANY, LLC'S PROPOSED FINDINGS OF UNCONTROVERTED FACT** |

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiff, MNS Wind Company LLC ("MNS"), through its undersigned attorneys, hereby provides its Proposed Findings of Uncontroverted Fact under Rule 56(h)(1) of the Rules of the United States Court of Federal Claims ("RCFC"):

| | |
|---|---|
| 1. On or about December 22, 2000, the Department of Energy ("DOE") entered into a Grant of Easement for Wind Powered Electric Generating Facility (hereinafter "Easement") with the Nevada Test Site Development Corporation ("NTSDC"). | 1. Declaration of Tim Carlson ("Carlson Decl."), Exhibit A. |
| 2. In the Easement, both the DOE and the NTSDC "acknowledge and agree for the benefit of [MNS], that [MNS] shall have the right to enjoy and directly enforce against | 2. Carlson Decl., Ex. A at Part I, ¶5(b), p. 3. |

| | |
|---|---|
| the [DOE] any and all rights and remedies of [the NTSDC] under the Easement." | |
| 3. In the Easement, the parties agreed that the DOE was permitted to revoke the Easement "in the interest of national security, in which event the revocation of this Easement shall be accomplished by eminent domain." | 3. Carlson Decl., Ex. A at Part II, ¶E(1), p. 3. |
| 4. In addition, in the Easement, the DOE covenanted to, among other things: "not unreasonably interfere with the construction, maintenance or operation of the Project[,] . . . act in a manner that is not arbitrary or capricious" in revoking the Easement, and "act prudently and in good faith" in taking any action, exercising any discretion or making any determination under the Easement. | 4. Carlson Decl., Ex. A at Part I, ¶1(a), p. 2; Part II, ¶E(1), p. 3; and Part II, ¶X(1), p. 11. |
| 5. Prior to executing the Easement, the United States Air Force ("USAF") informed | 5. Declaration of Bryant S. Delgadillo ("Delgadillo Decl."), Exhibits B, C, and D; |

| | |
|---|---|
| the DOE that a wind farm on the NTS could impact on its operations. | Declaration of Thomas Williams ("Williams Decl."), ¶¶ 5-6. |
| 6. Prior to executing the Easement, the DOE's chief counsel, Bud Bornhoft, understood that the use of a non-revocable document for an extended term, such as an easement, was essential in order to secure commercial funding if the wind farm was to proceed. | 6. Delgadillo Decl. Ex. C; Williams Decl., ¶ 9. |
| 7. Prior to executing the Easement, John Johansen, the President of MNS, informed representatives of the DOE, including, but not limited to, Tom Williams, that MNS would not agree to invest time and resources in the wind farm project only to have its rights terminated for national security reasons without compensation for its involvement. In addition, Johansen informed representatives of the DOE that a revocable use permit was unacceptable, and that a non-revocable use permit for an | 7. Williams Decl., ¶ 9. |

extended term was essential to secure commercial funding for the wind-farm project.

8. The Easement was subject to compliance with the National Environmental Policy Act ("NEPA").

8. Carlson Decl., Ex. A at Part I, § 1, p. 1.

9. MNS retained the sole and absolute right to approve any costs required to comply with the environmental assessment and the property condition report.

9. Carlson Decl., Ex. B ("Subeasement"), ¶ 18.7(iii); Delgadillo Decl., Ex. A, ¶ 37.

10. Prior to terminating the NEPA process, Kathleen A. Carlson, Manager, Nevada Operations Office, recommended that the Administrator of the NTS approve the Draft EIS for the proposed wind farm at the NTS for release for public review and comment contingent on resolution of the USAF mission conflicts.

10. Delgadillo Decl., Ex. E.

| | |
|---|---|
| 11. On or about April 29, 2002, Kevin Thornton informed MNS that the DOE had decided to hold the Draft Environmental Impact Statement ("EIS") for release to the public until certain issues raised by the United States Air Force were resolved. | 11. Declaration of Michelle K. Conway ("Conway Decl."), ¶7 and Ex. B. |
| 12. On July 12, 2002, the DOE sent a letter to the NTSDC, which asserted that because of possible national security concerns, the DOE had decided to terminate the NEPA process and that the Easement would not go into effect according to the terms of the agreement. | 12. Carlson Decl. ¶ 27 & Ex. E. |
| 13. Even though the cost of mitigation under the Draft EIS would have been modest under the circumstances, MNS was unable to exercise its discretion to comply with the environmental condition because the DOE unilaterally terminated the NEPA process. | 13. Conway Decl., ¶¶ 6-7. |

| | |
|---|---|
| 14. During the two years after the parties executed the agreements, MNS and its affiliates created an organization for this specific project requiring concentration of its efforts to the exclusion of developing other projects, and spent valuable resources performing various tasks to develop the project, including but not limited to, conducting wind assessments, transmission studies, engineering studies, access and road building studies, and construction studies, complying with the NEPA process; obtaining various permits from Nevada; and executing a power purchase agreement with Nevada Power for the first 85 MW's of power production. | 14. Conway Decl., ¶ 9; Delgadillo Decl., Ex. F. |

Dated: October 5, 2005

s/ George T. Caplan
George T. Caplan, Counsel of Record

KAYE SCHOLER LLP
1999 Ave. of the Stars, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1285
*Attorneys for Plaintiff*
*MNS Wind Company, LLC*

CERTIFICATE OF FILING

I hereby certify that on October 5, 2005, a copy of the foregoing MNS Wind Company LLC's Proposed Findings of Uncontroverted Fact was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Bryant S. Delgadillo