IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MNS WIND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1569<br>(Judge Wolski) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO MNS WIND COMPANY'S OBJECTIONS TO EVIDENCE FILED ON DECEMBER 12, 2006, AND RESPONSE**

We respectfully request leave to file a response to MNS Wind Company's ("MNS") Objections to Evidence, filed on December 12, 2006. In its October 31, 2006 order, the Court instructed the parties to address "whether the potential interference of the proposed wind turbines with the Air Force's radio frequency transmissions is a factor that may properly be considered under the National Environmental Policy Act (NEPA)." The Court allowed that "[t]he parties may attach in appendices any additional documents that bear on this particular issue." See Order, October 31, 2006. We have complied with the Court's order, and request leave to state for the record our response to MNS's objections.

**ARGUMENT**

MNS raises four objections to the documents that we submitted with our response to the Court's order. MNS's objections are baseless and should be ignored.

As an initial matter, MNS's objections miss the point. We did not introduce the documents as "evidence." We do not ask the Court to make any factual findings regarding the examples of NEPA analysis we provided. Instead, we cite these examples to answer the legal question posed by the Court.

That is, the Court asked both parties to address whether there was any legal prohibition restraining an agency from considering the effects of electromagnetic interference in a NEPA analysis. Neither party found any case law directly on point. MNS makes much of two cases, Metropolitan Edison Company v. People Against Nuclear Energy, 460 U.S. 766 (1983), and Western Radio Services Company, Inc. v. Espy, 79 F.3d 896 (9th Cir. 1996). See Plaintiff's November 28, 2006 Brief at 4-8; Plaintiff's December 12, 2006 Reply at 3-6. Both cases, for reasons stated in our reply to MNS's response to the Court's October 31, 2006 order, are inapposite.[1] See Defendant's December 12, 2006 Response at 3-6. In any event, even MNS does not argue that Metropolitan Edison or Western Radio or any other case is "on all fours" here — MNS cites these cases for general principles that MNS believes (erroneously) are instructive. For the reasons stated in our brief, these cases do not even address the question presented here, let alone resolve it.

Accordingly, we have relied primarily upon the plain language of the statute and the implementing regulations. See 42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.8. Additionally, we provided the Court with 12 examples showing that agencies, as a matter of course, both before and after the NEPA process at issue in this case, have considered electromagnetic interference in NEPA analyses. No decision of which we are aware has held that such consideration is unlawful or in violation of NEPA. At least two of the cases we cite resulted in published decisions, neither of which take issue with the agencies' NEPA analyses on the basis of their consideration of electromagnetic interference. See Friends of Gateway v. Slater, 257 F.3d 74 (2d Cir. 2001);

[1] As we discuss in detail in our reply brief, neither case stands for the proposition that an agency is precluded from considering non-environmental factors in NEPA analyses. Def. Rep. 3-6.

No GWEN Alliance of Lane County v. Aldridge, 855 F.2d 1380 (9th Cir. 1988).

Moreover, MNS's "evidentiary" objections are flawed on their own terms. In the first place, the Court expressly allowed that "[t]he parties may attach in appendices any additional documents that bear on this particular issue." See Order, October 31, 2006. Our submission complied with the Court's order. MNS objects, in particular, that the documents we submitted lack proper foundation, are unauthenticated, and constitute hearsay. MNS overlooks that no foundation has been laid for any of the voluminous number of documents submitted by either party in this matter, and none of these documents have been "authenticated" in the sense that MNS suggests they should be. Nor do the documents we submitted in response to the Court's October 31, 2006 order constitute hearsay. They are not offered to prove the truth of the matters they assert; they are offered to illustrate that our interpretation of the law is correct: that Federal agencies, in practice, interpret controlling statutory and regulatory mandates precisely as we have described them.

Further, while we made no agreement with MNS to submit as evidence only documents produced in our initial Rule 26 disclosures, MNS's reliance upon such an alleged agreement is unfounded. Regardless of any such agreement, we are not submitting these documents as "evidence," and we certainly did not agree to limit the documents upon which we can rely for legal principles. Likewise, MNS's request to "conduct discovery" on our submissions, which are probative of the law, not the facts of this case, is unfounded. All of the documents we submitted are part of the public record, and MNS offers no justification why discovery would have any effect upon its case.

Finally, and alternatively, even if any of MNS's objections are well-founded, it is within

the Court's discretion to take judicial notice of legislative facts, which "have relevance to legal reasoning . . . in the formulation of a legal principle or ruling by a judge or court."[2] United States v. Hernandez-Fundora, 58 F.3d 802, 812 (2nd Cir. 1995) (citing advisory committee's note to Fed. R. Evid. 201(a)). This Court has specifically taken judicial notice of material posted publicly on the Internet. Yankee Atomic Elec. Co. v. United States, 73 Fed. Cl. 249, 256 n. 8 (2006) (taking judicial notice of information contained on a website). Moreover, at least one court has taken judicial notice of an environmental assessment filed with a brief. See San Juan County, Utah v. United States, 420 F.3d 1197, 1202 n.2 (10th Cir. 2005) (taking judicial notice of various publicly available documents, including an environmental assessment). Courts may use judicial notice to support a disposition of summary judgment. Consumers Energy Co. v. United States, 65 Fed. Cl. 364, 369 n.7 (2005) (citing 5 Am.Jur. Trials § 105(2), WL 5 AMJUR-TRIALS 105). The examples we provided to the Court, all of which are publicly available documents, and many of which are available on the Internet, are examples of legislative facts. The Court may take judicial notice of such facts without regard to admissibility. See, e.g., United States v. Bello, 194 F.3d 18, 24 n.8 (1st Cir. 1999). Accordingly, MNS's objections are entirely without foundation.

---

[2] Legislative facts compare with "adjudicative" facts, which are governed by Fed. R. Evid. 201 and are "simply the facts of the particular case." Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 322 n.12 (1st Cir. 2004) (quoting Fed. R. Evid. 201(a) advisory committee's note). See also United States v. Gould, 536 F.2d 216, 219-20 (8th Cir. 1976) (noting that "Legislative facts, on the other hand, do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties," quoting 2 K. Davis, Administrative Law Treatise § 15.03, at 353 (1958)).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
Sharon Hejazi
Paul Michael
Office of Counsel
Department of Energy

Sean B. McNamara
Department of Justice

December 22, 2006

CERTIFICATE OF FILING

I hereby certify that on December 22, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO MNS WIND COMPANY'S OBJECTIONS TO EVIDENCE FILED ON DECEMBER 12, 2006, AND RESPONSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee

BRYANT G. SNEE